IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KANO LABORATORIES, LLC, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST AID CORPORATION dba 1ST ) <br> AYD CHEMICAL CORPORATION, ) <br> ) <br>     Defendant. ) | Case No. _____ |

## COMPLAINT

Plaintiff Kano Laboratories, LLC ("Kano" or "Plaintiff") brings this action for permanent injunctive relief, monetary damages, and other relief against First Aid Corporation dba 1st Ayd Chemical Corporation ("1st Ayd" or "Defendant") and alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company formed under the laws of the State of Tennessee, having a principal place of business at 1000 East Thompson Lane, Nashville, Tennessee 37211.

2. Defendant, on information and belief, is a corporation formed under the laws of the state of Delaware, having a principal place of business at 1325 Gateway Drive, Elgin, Illinois 60124.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this case because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark

1

infringement of federally registered trademarks pursuant to 15 U.S.C. § 1114 and federal unfair competition pursuant to 15 U.S.C. §1125(a).

4. This action arises out of Defendant's specific acts of infringement and unfair competition within the state of Illinois. Additionally, on information and belief, Defendant is placing infringing products into the stream of commerce with knowledge, or reasonable foreseeability, that a termination point of the stream is this State and District. Further, on information and belief, Defendant has knowingly sent infringing products to purchasers in this State and District, and continues to do so.

5. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391(b). Defendant's principle place of business is in Elgin, Illinois, and Defendant is subject to personal jurisdiction in this State and District.

## FACTUAL BACKGROUND

6. Plaintiff was founded in 1939 with the goal of producing the very best, professional-grade chemical solutions on the market, and is the industry leader in professional-grade penetrating oils, lubricants, and grease.

7. One of Plaintiff's flagship products is its KROIL® penetrating oils and lubricants for industrial maintenance, repair and operations.

8. Plaintiff's products are made using proprietary formulas that are not licensed to any third parties.

9. Plaintiff is the owner of, among others, U.S. Trademark Registration No. 2,708,940 for the mark KROIL® for use in connection with all-purpose penetrating oil and industrial penetrating oil in International Class 4. This registration is valid, subsisting and incontestable,

and has been registered and used continuously for over eighty (80) years. This registration is attached as **Exhibit A**.

10. Plaintiff uses this KROIL® mark on a number of its oil products, together with use of Plaintiff's distinctive orange trade dress:



11. Like the KROIL® trademark, this distinctive orange trade dress has been used for decades, and has acquired secondary meaning and become synonymous with Kano Laboratories.

12. On information and belief, Defendant is a business to business manufacturer and distributor of maintenance, safety, and janitorial/sanitation supplies throughout the Midwest and across the United States. Defendant is located and does business at 1325 Gateway Drive, Elgin, IL 60124, as well as through its website, https://1stayd.com/.

13. Defendant 1st Ayd offers for sale and sells a competing penetrating oil as follows:



14. Defendant has described this product on its website as follows:

> Aerosol version of Kroil, this product loosens frozen metal joints in minutes and reduces surface tension creeping into openings as small as one millionth of an inch!
>
> - Dissolves gum, dried grease and oil.
> - Does not affect the metal.
> - Provides lubrication.
> - Diplaces water
> - Prevents rust.

15. Defendant's competing product is available on its website at https://www.1stayd.com/79a.

16. Upon information and belief, Defendant's sales agents have represented to potential purchasers that Defendant's competing penetrating oil is the "same formula" as Plaintiff's bona fide AEROKROIL® product in an effort to pass off Defendant's products as Plaintiff's.

17. Notably, Defendant does not use Plaintiff's distinctive orange trade dress in connection with any of its other products.

4

18. As a direct result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, irreparable harm in the form of misappropriation of the Plaintiff's trademark and trade dress, damage to its reputation and goodwill, loss of business opportunities, and loss of market share.

19. Plaintiff is suffering irreparable harm and damage as a result of Defendant's acts in an amount not yet determined.

20. Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff through injury and loss to Plaintiff's business, reputation, and goodwill. Plaintiff has no adequate remedy at law to redress these injuries.

## COUNT I
### Trademark Infringement and Counterfeiting- 15 U.S.C. § 1114, §1116(d)

21. Plaintiff realleges and incorporates paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff owns valid and enforceable trademark rights in the KROIL® mark.

23. Plaintiff has the exclusive right to use the KROIL® mark in commerce in connection with the goods recited in its trademark registration, including, without limitation, penetrating oils.

24. Defendant has, without Plaintiff's consent, used in commerce counterfeits of Plaintiff's KROIL® mark in connection with the sale, offering for sale, distribution, and/or advertising of penetrating oils, which use is likely to cause confusion, or to cause mistake, or to deceive.

25. Defendant has knowingly and willfully infringed Plaintiff's rights in its federally-registered KROIL® mark by virtue of its distribution and sales of identical and/or substantially similar oil products of inferior quality under the same name and in the same channels of trade.

26. As a result of Defendant's infringement, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

27. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

28. Alternatively, due to the willful and intentional nature of Defendant's use of counterfeit marks, Plaintiff is entitled to recover statutory damages, pursuant to 15 U.S.C. § 1117(c).

29. Defendant's unauthorized use of the KROIL® mark, in violation of 15 U.S.C. § 1114, has caused irreparable injury to Plaintiff's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's rights in the KROIL® mark.

30. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT II
### Unfair Competition- 15 U.S.C. § 1125(a)

31. Plaintiff realleges and incorporates paragraphs 1 through 20 as if fully set forth herein.

32. Defendant's use of the KROIL® mark and distinctive orange trade dress in connection with the sale, offering for sale, distribution, and/or advertising of oil products by Defendant, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's oil products by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

33. Defendant has competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition.

34. Defendant has knowingly and willfully infringed Plaintiff's rights in the KROIL® mark and Plaintiff's distinctive orange trade dress by virtue of Defendant's use in commerce of the KROIL® mark and orange trade dress in connection with Defendant's competing oil products.

35. As a result of Defendant's acts of unfair competition as alleged herein, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

36. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Kano Laboratories respectfully prays that:

(A) The Court hold that Defendant has infringed Plaintiff's KROIL® mark;

(B) The Court hold that Defendant has infringed Plaintiff's orange trade dress;

(C) The Court enter a permanent injunction enjoining Defendant, directly or indirectly, alone or in association with or on behalf of any other person or entity, from:

(i) using the KROIL® mark, or any other word, mark, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to Plaintiff's KROIL® mark, pursuant to 15 U.S.C. § 1116(a) ; and

(ii) using Kano's distinctive orange trade dress in a way that is likely to cause confusion, mistake, or deception.

(D) Ordering Defendant to pay all actual damages suffered by Plaintiff as a result of Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

(E) Ordering Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

(F) Granting Plaintiff a monetary award against Defendant to account for Defendant's unlawful conduct;

(G) Granting Plaintiff treble damages and attorney's fees, due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. § 1117(a);

(H) Granting Plaintiff treble damages and attorney's fees for Defendant's willful and intentional use of a counterfeit KROIL® mark, pursuant to 15 U.S.C. § 1117(b);

(I) In the alternative to awarding actual damages and profits pursuant to 15 U.S.C. § 1117(a), if Plaintiff so elects at any time before final judgment, awarding Plaintiff statutory

damages in the amount of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just, for Defendant's intentional use of a counterfeit KROIL® mark, pursuant to 15 U.S.C. § 1117(c);

(J) Ordering that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a);

(K) Granting Plaintiff equitable relief in order to stop the harm caused to Plaintiff;

(L) Awarding Plaintiff treble damages, its attorney's fees, and other costs and expenses to the extent permitted under the Lanham Act;

(M) The Court award pre-judgment and post-judgment interest, as appropriate;

(N) That a trial by jury be had on all issues triable; and

(O) That the Court award such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: February 20, 2025

*/s/Jacqueline V. Brousseau*
Jacqueline V. Brousseau (Bar No. 6323680)
GREENBERG TRAURIG LLP
77 West Wacker Dr., Suite 3100
Chicago, Illinois 60601
Phone: (312) 456-8400
Fax: (312) 456-8435
Email jacqueline.brousseau@gtlaw.com

William Y. Klett, III, Esq.* (*pro hac to be filed*)
Fed. Id. No. 5610
BURR & FORMAN LLP
100 Calhoun Street, Suite 400
Charleston, South Carolina 29402
Phone: (843) 973-6805
Fax: (803) 933-1470
Email: wklett@burr.com

*Attorneys for Plaintiff Kano Laboratories, LLC*